880 So.2d 77 (2004)
BROWN & ROOT and St. Paul Fire & Marine Insurance Company
v.
Kaylem MATHERNE.
No. 04-CA-206.
Court of Appeal of Louisiana, Fifth Circuit.
July 27, 2004.
*78 Frank R. Whiteley, III, Reed S. Minkin, Metairie, LA, for Plaintiff/Appellant.
Smith Stag, Michael G. Stag, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS, Judge.
In this worker's compensation case, the employer, Brown & Root, and its insurer, St. Paul Fire and Marine Insurance Company, appeal from a judgment granting claimant's exception of res judicata and motion in limine. The judgment appealed from is not a final, appealable judgment. Therefore, we dismiss this appeal without prejudice.
Claimant in this matter was exposed to phenol while working on March 16, 1999. He gradually developed severe headaches, nausea, dizziness, loss of balance, vision blurring, insomnia and fatigue. Three weeks later, on April 9, 1999, plaintiff was involved in an automobile accident. On July 27, 1999 he filed a disputed claim for worker's compensation, alleging that his worsening condition was caused by the exposure to phenol. His employer defended on the grounds that his symptoms were caused by the automobile accident. The workers' compensation judge found that the claimant's symptoms were caused by the toxic exposure on September 25, 2000, and this finding was affirmed by this Court on appeal. Matherne v. Brown & Root, 00-1857 (La.App. 5 Cir. 5/16/01), 788 So.2d 550.
This current litigation started when the insurer filed a disputed claim for compensation on October 18, 2002. In this claim, the employer and insurer dispute that the employee's current disability is related to the accident (chemical exposure on March 16, 1999). The insurer further filed a petition to modify the judgment of September 25, 2000, seeking a finding that no further compensation or medical benefits were due. Mr. Matherne filed an exception of res judicata, an answer and a reconventional demand for medical benefits and expenses, as well as penalties, interest and attorney fees. Mr. Matherne also filed a motion in limine to exclude the report of Dr. Nassau.
The trial court heard the exception of res judicata and the motion in limine, and granted both on October 18, 2003. In the judgment however, the worker's compensation court incorrectly states that the motion and exception were granted on behalf of Brown & Root. The trial court amended the judgment to reflect that the exception and motion were granted on behalf of claimant on October 31, 2003.
Brown & Root filed a motion for new trial on October 27, 2003, which was denied on October 31, 2003. This appeal followed.
*79 Article 1915 of the Louisiana Code of Civil Procedure provides in pertinent part that:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
The judgment in this case does not adjudicate all the claims of all of the parties because there has been no consideration of the reconventional demands filed by claimant, Mr. Matherne. Further, the workers' compensation judge did not designate the judgment as final for purposes of immediate appeal, nor did he make a determination that there is no just reason for delay. Thus, the judgment before us is not appealable. Accordingly, we will dismiss this appeal without prejudice. City of New Orleans v. Howenstine, 1998-2157 (La. App. 4 Cir. 5/5/99), 737 So.2d 197. See also Winkler v. Wadleigh Offshore, Inc., XXXX-XXXX (La.App. 4 Cir. 1/24/01), 781 So.2d 588.
We note that in this appeal, Brown & Root argued that the worker's compensation judge erred in amending the judgment, arguing that the amendment to the judgment was a substantive change, which was not authorized. La. C.C.P. art. 1951. However, in the absence of a final judgment, the judge's ruling "may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties." La. C.C.P. art. 1915(B)(2).
For the above discussed reasons, this appeal is dismissed without prejudice, and the matter is remanded for further proceedings. All costs of this appeal are to be borne equally by the parties.
APPEAL DISMISSED.