925 So.2d 676 (2006)
Roy RASPANTI
v.
Janine M. RASPANTI.
Nos. 05-CA-738, 05-CA-931.
Court of Appeal of Louisiana, Fifth Circuit.
March 3, 2006.
Rehearing Denied April 3, 2006.
*677 Roy A. Raspanti, Metairie, Louisiana, for Plaintiff/Appellee.
Douglas M. Schmidt, New Orleans, Louisiana, for Plaintiff/Appellee.
Craig J. Mordock, The Mordock Law Firm, LLC, New Orleans, Louisiana, for Defendant/Appellant.
William E. Wright, Jr., Beverly A. Aloisio, Deutsch, Kerrigan & Stiles, L.L.P., New Orleans, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and CLARENCE E. McMANUS.
MARION F. EDWARDS, Judge.
In these consolidated actions, defendant, Janine Raspanti, appeals from a trial court judgment that dismissed her reconventional demand against plaintiff, Roy Raspanti, as prescribed. Janine Raspanti further appeals the award of sanctions against her. Roy Raspanti contests the trial court's award of sanctions against Ms. Raspanti as insufficient, and further asks this court to consider whether sanctions should have been awarded against Ms. Raspanti's counsel of record. For the reasons that follow, we dismiss the appeals without prejudice.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Roy Raspanti, an attorney, represented defendant, Janine Raspanti, in several separate legal matters during a period ranging from January 15, 1992 until February 27, 2002. Over time, the parties, who are brother and sister, developed a contentious relationship regarding Mr. Raspanti's legal fees. Ms. Raspanti commenced to file an unsuccessful complaint with the Louisiana State Bar Office of Disciplinary Counsel against Mr. Raspanti related to his representation. In January of 2003, Roy Raspanti filed a Suit For Breach of Contract and For Defamation against Janine Raspanti in the Twenty-Fourth Judicial District Court for the Parish of Jefferson. Ms. Raspanti, thereafter, filed a Reconventional Demand and Supplemental Reconventional Demand against Mr. Raspanti. On March 23, 2005, the trial court granted an Exception of Prescription in favor of Roy Raspanti, dismissing all claims of Janine Raspanti's Reconventional Demand. On June 27, 2005, the trial court further awarded $5,000.00 in sanctions against Ms. Raspanti.
Janine Raspanti timely filed the present appeals.
*678 In his answers to Janine Raspanti's appeals, Roy Raspanti asks us to award him further damages for having to defend against what he contends to be a frivolous appeal, contests the trial court's award of sanctions against Ms. Raspanti as insufficient, and further asks this court to consider whether sanctions should have been awarded against Ms. Raspanti's counsel of record.

LAW AND ANALYSIS
LSA-C.C.P. art. 1915 provides, in relevant part:
B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
After a review of the records in these consolidated appeals, we note that the judgment in this case, as it pertains to the exception of prescription, does not adjudicate all the claims of all of the parties because there has been no consideration of the original demand filed Mr. Raspanti. Further, the trial court did not designate the judgment as final for purposes of immediate appeal, nor did it make a determination that there is no just reason for delay. Thus, the judgment before us is not appealable. Therefore, we will dismiss this appeal without prejudice.[1]
In regard to the portion of the appeals pertaining to sanctions, while we note that an award of sanctions is immediately appealable,[2] because we have not considered the merits of the underlying claim we will pretermit consideration of that issue while also recognizing Ms. Raspanti's right to re-appeal in the future.
In Mr. Raspanti's answer to Ms. Raspanti's appeal, he asks this court to consider whether the trial court erred in the amount it awarded for sanctions, and to further consider whether the trial court erred in failing to assess sanctions against Ms. Raspanti's counsel of record. In light of our previous holding above, and the fact that we have not considered the merits of the underlying appeal, we will pretermit an analysis of these issues and likewise dismiss them without prejudice as well.
For the foregoing reasons, both appeals are hereby dismissed without prejudice. Each party is to bear its own cost.
APPEALS DISMISSED.
NOTES
[1] See, Brown & Root v. Matherne, 04-206 (La. App. 5 Cir. 7/27/04), 880 So.2d 77.
[2] LSA-C.C.P. art. 1915.