977 So.2d 95 (2007)
Roy RASPANTI
v.
Janine M. RASPANTI.
No. 07-CA-295.
Court of Appeal of Louisiana, Fifth Circuit.
December 11, 2007.
*96 Roy A. Raspanti, Attorney at Law, Metairie, LA, and Douglas M. Schmidt, Attorney at Law, New Orleans, LA, for Plaintiff/Appellee.
Thomas W. Milliner, Salvador Anzelmo, Brian Burke, Attorneys at Law, Metairie, LA, for Defendant/Appellant.
William E. Wright, Jr., Beverly A. Delaune, Deutsch, Kerrigan & Stiles, New Orleans, LA, for Julie Anne Gardner.
Panel composed of Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
CLARENCE E. McMANUS, Judge.
Defendant, Janine Raspanti, appeals from two judgments. The first judgment is the granting of an exception of prescription dismissing her reconventional demand against plaintiff. The second is a judgment finding her in contempt and assessing penalties of $5,000.00.
The plaintiff and the defendant are siblings. On January 8, 2003, Roy Raspanti filed suit for breach of contract and for defamation, alleging that he was hired to represent Janine in two separate legal proceedings, and that she failed to fully reimburse him in accordance with the contracts of representation entered into by the parties in both instances. He further alleged that she was liable for damages for defamation.
On May 15, 2003, Janine filed a reconventional demand, alleging that Roy had mishandled her claim and further had been paid excessive attorney's fees. She sought reimbursement for the overpaid fees, as well as damages for "emotional pain and suffering." Janine also filed an exception of prescription, alleging that Roy's claim for professional fees was prescribed under C.C. art. 3494 and the claim for defamation was subject to a liberative prescription of one year (as well as subject to an absolute privilege because they were communications with the Office of Disciplinary Counsel and the Courts).
On October 16, 2003, Janine filed for summary judgment, seeking dismissal of Roy's claims that were based on her communications with the Office of Disciplinary Counsel. She also filed a motion to strike the defamation claims relating to her communications with the courts. She also requested sanctions against Roy for violation of C.C.P. art. 863.
On November 20, 2003, Roy filed a motion for partial summary judgment seeking a judgment on the issue of defamation, and a judgment on one of the two employment contracts.
On December 9, 2003, the trial court rendered judgment granting Janine's motion to dismiss those claims of defamation *97 based on her complaints to the Office of Disciplinary Counsel. He further granted her exception of prescription as to plaintiff's claims for fees that were incurred more than three years before the filing of suit. He denied Janine's motion to strike the defamation claims based on statements made in the Courts or arising out of statements made or faxes sent to individuals. The court deferred Janine's request for sanctions to the trial on the merits. The court also denied Roy's motion for partial summary judgment.
On January 15, 2004, Roy filed a notice of intent to apply for writ of review which was denied by the trial court as untimely.
Roy filed a motion for summary judgment on February 3, 2004, seeking a favorable resolution of his remaining claims, and a dismissal of Janine's claims. He also filed a motion for ruling on Janine's motion for sanctions, (which the trial court had deferred to trial).
On December 16, 2004, Roy filed an exception of prescription.
On February 17, 2005, Roy filed a motion for sanctions against both Janine and her counsel, Julie Gardner, alleging violation of C.C.P. art. 863. He alleges that defendant and her attorney knew that their cause of action was perempted when they filed suit, and that her reconventional demands for misconduct had already been reviewed and dismissed by the Disciplinary Office and the Louisiana Supreme Court.
On March 3, 2005 State Farm, who had issued to Janine a homeowner's and personal liability umbrella policy, filed its answer to Roy's suit.
On March 23, 2005, the court rendered judgment granting Roy's exception of prescription. Janine filed a motion for new trial on March 29, 2005, which was denied on April 1, 2005. Janine filed her motion for appeal on April 27, 2005.
On June 27, 2005, the trial court granted Roy's motion for sanctions and ordered that Janine pay the sum of $5,000.00 to Roy. No judgment was rendered against Janine's attorney. Janine filed a motion for new trial on July 6, 2005, which was denied on July 13, 2005. Janine filed a motion for appeal on August 4, 2005.
On August 10, 2005, Janine filed a motion for summary judgment seeking dismissal of Roy's defamation claims. On August 22, 2005, the trial court rendered judgment denying both Janine's motion for summary judgment filed on August 10th and Roy's motion for summary judgment filed on February 3, 2005.
The two appeals were consolidated for review in this Court. On March 3, 2006, this Court dismissed Janine's appeals. The appeal from the judgment of March 23, 2005 was dismissed as a non-final judgment, and the judgment awarding sanctions was dismissed since the merits of the underlying claim had not been reviewed. Raspanti v. Raspanti, 05-738, 05-931 (La. App. 5 Cir. 3/3/06), 925 So.2d 676. On March 20, 2007, Janine filed a motion to designate the judgment of March 23, 2005 as final for purposes of immediate appeal. The trial court granted Janine's motion on that date. On March 22, 2007, Janine filed a motion for appeal, which was granted by the trial court.
On May 14, 2007, Roy filed an answer in this Court, in which he alleges that the trial court erred in failing to assess sanctions against Janine's attorney and in failing to award attorney fees and costs. He also alleges that Janine's appeal is frivolous and in bad faith, and he requests damages on appeal.
*98 EXCEPTION OF PRESCRIPTION Judgment of March 23, 2005
Janine argues that the trial court erred in granting Roy's exception of prescription. She alleges that not all claims asserted by her in her reconventional demand are for malpractice. She also seeks return of funds for excessive payment. She contends that this action is a personal action subject to a ten year liberative prescription.
Roy contends that Janine, by her own admission, sued him for breach of the contract between them, and that this action is clearly prescribed by R.S. 9:5605.
R.S. 9:5605 provides a one year/three year peremptive period for an action against an attorney arising out of an engagement to provide legal services.
"Read in its entirety, section 5605 reflects an intent to cover all actions for damages predicated on traditional legal malpractice, but not more." Thus, the prescriptive period does not apply to every action against every attorney under any theory whatsoever. Davis v. Parker, 94-40514 (5th Cir.7/17/95), 58 F.3d 183; Broussard v. F.A. Richard & Associates, Inc., 98-1167 (La.App. 3 Cir. 3/17/99), 732 So.2d 578. Fee disputes have been held to be outside of the peremptive period of 9:5606, as have duress and fraud. Shreveport Credit Recovery, Inc. v. Modelist, 33,369 (La.App. 2 Cir. 5/15/00), 760 So.2d 681, writ denied 00-2159 (La.10/27/00), 772 So.2d 125.
Janine, in her reconventional demand alleges claims of breach of contract, intentional misrepresentations, excessive billing, failure to collect interest, failure to provide an accounting and other negligent and intentional acts. She specifically alleges that Roy "billed the Army Corps of Engineers for the same time frame that he billed his client, and that he recovered payment from both his client and the Corps." This claim involves a fee dispute, as does Roy's claim against Janine. We believe that it would be inconsistent to allow Roy to pursue his claim for underpayment, while at the same time barring Janine's claim for overpayment. Accordingly, we find that the trial court erred in granting Roy's exception of prescription, and in dismissing those claims that relate to her allegations of overpayment of attorney fees.
SANCTIONS  Judgment of June 27, 2005
Roy filed for sanctions against Janine and her attorney, alleging that they knew that the causes of action had prescribed, and also that allegations charged by Janine had been previously reviewed by the office of Disciplinary Counsel, and by the United States District Court for the Eastern District of Louisiana and the United State Court of Appeals for the Fifth Circuit. He based his claim for sanctions on C.C.P. art. 863, which provides in part that:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
Roy argued that Janine's petition was not filed in good faith, and that both Janine and her attorney knew that the causes of action were perempted at the time of the filing of the reconventional *99 demand. Roy further argues that Janine and her attorney knew that their claim had no merit, having been rejected by the Office of Disciplinary Counsel, and the Federal Courts.
We believe that the trial court committed error in imposing sanctions in this case. Our review of the record shows that the Office of Disciplinary counsel refused to consider Janine's claims, as did the federal courts. Janine's claims were not considered on the merits, as suggested by Roy. Furthermore, we have ruled that Janine's claims, at least in part, were not prescribed. Therefore, we find that the trial court erred in imposing sanctions for an alleged violation of LSA-C.C.P. art. 863.
Because we find merit to Janine's argument, and we reverse the judgment awarding sanctions, we need not address Roy's answer, in which he requests additional sanctions against Janine and in which he requests an assessment of Sanctions against Janine's former attorney.
For the above discussed reasons, we reverse the judgments of March 23, 2005, in which the trial court granted Roy's exception of prescription and the judgment of June 26, 2005, in which the trial court imposed sanctions against Janine. This case is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.