SUSAN M. CHEHARDY, Judge.
Lin this lawsuit for unpaid wages, employee, Maxine Webster, appeals from a judgment sustaining her former employer’s exception of prescription in part and overruling the exception in part. The judgment appealed from is not a final, appealable judgment. Therefore, we dismiss this appeal without prejudice.

Law and Analysis

Article 1915(B) of the Louisiana Code of Civil Procedure provides, in pertinent part, that:
(1) When a court ... sustains an exception in part, as to one or more but less than all of the claims ..., the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims ..., shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
*443 After a review of the record, we note that the judgment on the exception of prescription, which was sustained in part and overruled in part, does not adjudicate all the claims between the parties. Further, the trial court did not designate the judgment as final for purposes of immediate appeal, nor did it make a ^determination that there is no just reason for delay. Thus, the judgment before us is not ap-pealable. Therefore, we will dismiss this appeal without prejudice. See, Brown & Root v. Matherne, 04-206 (La.App. 5 Cir. 7/27/04), 880 So.2d 77.
For the above discussed reasons, this appeal is dismissed without prejudice, and the matter is remanded for further proceedings. All costs of this appeal are to be borne equally by the parties.

APPEAL DISMISSED.