SUSAN M. CHEHARDY, Judge.
|2In this personal injury lawsuit, first-defendant appeals from a judgment sustaining second-defendant’s partial motion for summary judgment. Upon review, we note that the judgment at issue is not a final, appealable judgment. For that reason, we dismiss this appeal.
On August 20, 2008, Marcia Davila filed the instant suit against Greater Lakeside Corporation, and Causeway LLC of Delaware, and their insurers, (hereinafter “Lakeside”), and Williams-Sonoma Stores, Inc. d/b/a Pottery Barn, and their insurer (hereinafter “Pottery Barn”), alleging that the defendant’s acts of negligence caused her injury. On December 4, 2008, Pottery Barn filed a cross-claim against Lakeside, seeking defense and indemnity under their Lease.
On April 15, 2009, Lakeside filed a Motion for Partial Summary Judgment against Pottery Barn on the basis that Lakeside is neither contractually nor legally bound to indemnify or defend Pottery Barn. On June 17, 2009, Pottery Barn filed a Motion for Summary Judgment, seeking judgment “over and against Lakeside requiring them to reimburse defendant for defense costs incurred and to defend and indemnify Pottery Barn based upon the contractual obligations entered into by and | ¡¡between Lakeside and pottery Barn.” In that same pleading, Pottery Barn also sought summary judgment against plaintiff.
On September 25, 2009, the trial judge heard all motions for summary judgment. On January 26, 2010, the Court granted partial summary judgment in favor of Lakeside, dismissing Pottery Barn’s defense and indemnity claim against Lakeside. Pottery Barn filed its Motion for Appeal of that judgment on March 22, 2010.

*667
Law and Analysis

Article 1915(B) of the Louisiana Code of Civil Procedure provides, in pertinent part, that:
(1) When a court renders a ... partial summary judgment ..., as to one or more but less than all of the claims ..., the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
After a review of the record, we note that trial court rendered a partial summary judgment as to one claim between two defendants. La. C.C.P. art. 1915(B)(1). The trial court did not, however, make a determination that there is no just reason for delay and designate the judgment as final for purposes of immediate appeal. La. C.C.P. art. 1915(B)(2). Thus, the judgment before us “shall not constitute a final judgment for the purpose of an immediate appeal.” Id.; Brown & Root v. Matherne, 04-206 (La.App. 5 Cir. 7/27/04), 880 So.2d 77.
|4For the above discussed reasons, this appeal is dismissed without prejudice, and the matter is remanded for further proceedings. All costs of this appeal are to be borne by appellant, Williams-Sonoma Stores, Inc. d/b/a Pottery Barn.

APPEAL DISMISSED