SUSAN M. CHEHARDY, Chief Judge.
li>This appeal stems from the imposition of sanctions on appellants, Gloria Lewis Martin, et al., and their attorney, Anundra Martin, in a suit for the enforcement of a mortgage. For the reasons that follow, we reverse the judgment of the trial court.

PROCEDURAL HISTORY

On January 8, 2010, appellants, represented at the time by counsel Carol A. Newman, filed a “Petition for Enforcement of Mortgage on Real Estate.” In this petition, appellants alleged that in 1981, Seth Martin Sr. loaned $50,000.00 to appel-lees. Contemporaneous with this loan, a promissory note was executed reflecting this debt. To secure this debt, an Act of Mortgage was executed in which appellees’ property, located at 1324 Myrtle Street in Metairie, Louisiana, was encumbered with a mortgage for a term of twenty-five years in the amount of $50,000.00 in favor of Seth Martin, Sr. Mr. Martin died in 2006. Appellants, as the surviving spouse and heirs of Mr. Martin, inherited this mortgage and sought to recover the unpaid balance of $49,750.59, plus interest.
Is As this litigation proceeded, discovery was conducted, following which Ms. Newman learned for the first time that her clients could not locate the promissory note. As a result, in a September 4, 2012 letter, Ms. Newman explained to her clients that without the promissory note, they did not have a cause of action and advised them to have the case dismissed.
Meanwhile, also on September 4, 2012, appellee Calvin Martin filed exceptions of vagueness, ambiguity, prematurity, no right of action, no cause of action, prescription, and laches.
Following Ms. Newman’s September 4, 2012 letter, the record reflects that Ms. Newman received a telephone call and a series of e-mails from Nelwyn Martin regarding payment of legal fees, but did not receive any instructions regarding resolution of the case. Then, in a December 4, 2012 e-mail, Ms. Newman agreed to a payment plan for outstanding legal fees, provided she could withdraw as counsel of record from the matter. She further advised her clients to obtain other counsel, and in the event they had, she informed them of her intention to file a motion to substitute; if they had not, she would file a motion to withdraw.
In several e-mails over the next month, Nelwyn Martin conveyed to Ms. Newman her "desire to have the matter “closed,” without further instruction. Ms. Newman continued to seek a conference with her clients to determine a course of action and continued to encourage them to obtain other counsel. On or about January 16, 2013, Ms. Newman received a hostile telephone call from Seth Martin, Jr. Then, in a January 22, 2013 letter, she again advised her clients of her intention to file a motion to withdraw. On March 23, 2013, Ms. Newman filed her “Motion to Withdraw as Counsel of Record,” which the trial court granted that day.
*832 Nothing further occurred in the matter until August 28, 2013, when Barbara Mad-ere — as court-appointed curator ad hoc to represent absent appellees, the ^Estate of Luke Martin, Luke Martin, Jr., Harriet Martin Yokum, Rosemary Martin and Jeffery Martin — filed a motion for status and settlement conference in an effort to close out the case. On October 18, 2013, Anun-dra Martin, the daughter of Seth Martin, Jr. and the granddaughter of Gloria Martin, enrolled as counsel of record for appellants.
The status conference was held on December 19, 2013, wherein Anundra Martin noted her objection to Ms. Newman’s withdrawal from the case and advised the court of her intention to file a written objection. The court set the next hearing for February 11, 2014 to take up this matter among others. On January 15, 2014, Anundra Martin filed her “Objection to Motion to Withdraw by Carol Newman.”
On February 7, 2014, Ms. Madere, the curator representing the absent appellees, filed exceptions of vagueness, ambiguity, prematurity, no right of action, no cause of action, prescription, and laches, adopting Calvin Martin’s exceptions and argument previously filed on September 4, 2012.
At the February 11, 2014 hearing, the court, heard argument from Anundra Martin and Ms. Newman regarding Ms. Martin’s objection to Ms. Newman’s motion to withdraw. The court denied the objection, conforming to its previous order that permitted Ms. Newman to withdraw. Also at this hearing, Stephen Rue, counsel for ap-pellee Mary Jean White Martin, who had previously filed a motion to withdraw as counsel of record, moved to continue his motion to withdraw explaining as follows:
I’m going to move at this time ... to continue my motion to withdraw, because I am ... putting formal notice to Ms. Anundra Martin on behalf of the petitioners at this time to be on guard as I’m going to be asking the Court to sanction counsel, Anundra Martin, and petitioners, for pursuing a frivolous, meritless suit....
[[Image here]]
U want to stay in the case temporarily to give Anundra Martin and the petitioners time to [dismiss the case] prior to my intent to file by the end of this week a motion for sanctions for this continuation of the petition after they knew at the time of [the] depositions of the three plaintiffs that they did not have the evidence necessary [to succeed].
[[Image here]]
... I’m putting this on the record ... that Ms. Anundra Martin has a professional and ethical obligation to immediately dismiss this case. Otherwise, I’ll' be filing for sanctions for contempt and a motion for summary judgment.
The court set the next hearing for February 27, 2014. On February 25, 2014, Mary Jean White Martin filed motions for summary judgment, La. C.C.P. art. 863 sanctions, attorney fees, and costs.
At the hearing on February 27, 2014, at which Anundra Martin did not appear, the court took up several matters. Mr. Rue withdrew his motion to withdraw as counsel of record, stating he wished to remain until the conclusion of the matter. The court granted the exceptions of no right of action, no cause of action, and prescription, as filed by appellee Calvin Martin and the absent appellees. The court then set the next hearing for April 28, 2014 to take up Mary Jean White Martin’s motions for summary judgment and sanctions.
On March 7, 2014, Mary Jean White Martin filed exceptions of no cause of action, no right of action, prescription, and *833 peremption, adopting the exceptions and argument previously submitted by the other appellees.
At the hearing on April 28, 2014, Mary Jean White Martin testified that she had expended $14,739.78 in legal fees relative to the instant litigation. The court heard argument from Stephen Rue and Anundra Martin regarding the motion for sanctions, attorney fees, and costs, and took the matter under advisement.
On May 27, 2014, the trial court rendered judgment. The court granted Mary Jean White Martin’s exceptions of no right of action, no cause of action, and | ^prescription. The court also granted Mary Jean White Martin’s motion for La. C.C.P. art. 863 sanctions, attorney fees, and costs, entering a judgment against appellants and Anundra Martin in the amount of $7,477.78, together with legal interest from thirty days after notice of signing until paid. The court explained that this figure was comprised of $5,000.00 for attorney fees incurred from January 2014 until present, and $2,477.78 for out of pocket expenses including court costs and transcripts. The court declared all other remaining motions moot.
This timely appeal followed.

DISCUSSION

On appeal, appellants raise two assignments of error: (1) the trial court erred in awarding sanctions; and (2) the trial court erred in the amount of sanctions awarded.
Sanctions were imposed pursuant to La. C.C.P. art. 863, which provides in pertinent part:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has eviden-tiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
[[Image here]]
|7P. If, upon motion of any party or upon its own motion, the court deter- ■ mines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
⅝ * ⅝
*834 G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.
This Court has recognized that La. C.C.P. art. 863 is intended only for exceptional circumstances and is not to be used simply because the parties disagree as to the correct resolution of a legal matter. Goldbach v. Atchley, 01-616 (La.App. 5 Cir. 11/27/01), 801 So.2d 1217, 1229. Only when the evidence is clear that there is no justification for the legal right exercised should sanctions be considered. Id. (citation omitted).
La. C.C.P. art. 863 imposes an obligation upon litigants and their counsel who sign a pleading to make an objectively reasonable inquiry into- the facts and the law; subjective good faith will not satisfy the duty of reasonable inquiry. Alombro v. Alfortish, 02-1081 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, 1168, writ denied, 03-1947 (La.10/31/03), 857 So.2d 486. To decide whether sanctions are appropriate, a court must consider the following factors in determining whether a litigant and his counsel made the required reasonable factual inquiry: (1) the time available to the signing attorney for investigation; (2) the extent of the attorney’s reliance on the client for factual support for pleadings; (3) the feasibility of pre-filing investigation; (4) whether the signing attorney accepted the case from another attorney; (5) the complexity of factual and legal issues; and (6) the extent |sto which development of factual circumstances underlyihg the claim require discovery. See id. On appeal, a trial court’s imposition of sanctions pursuant to La. C.C.P. art. 863 will not be reversed unless clearly wrong or manifestly erroneous. See id.
Based upon our reading of the plain language of La. C.C.P. art. 863, entitled “Signing of pleadings, effect,” in conjunction with the foregoing jurisprudence, we find that sanctions pursuant to La. C.C.P. art. 863 may only be imposed when, by signature, a certification has been made that a pleading conforms with La. C.C.P. art. 863(B)(1) — (4), when, in fact, the pleading does not conform with these provisions.
In the instant case, the record is clear that Carol Newman signed the initial pleading, the “Petition for Enforcement of Mortgage on Real Estate.” Ms. Newman subsequently withdrew as counsel of record after learning and advising appellants that they did not have a cause of action. Anundra Martin enrolled as counsel of record on October 18, 2013. Since that date, the record reflects that Ms. Martin filed notices of depositions on January 9, 2014, an objection to Ms. Newman’s motion to withdraw on January 15, 2014, and an opposition to Mary Jean White Martin’s motions for summary judgment and sanctions on April 17, 2014. Notably, these filings do not include assertions that appellants intended to pursue what was known at that point to be a meritless cause of action. If they had, violations of La. C.C.P. art. 863(B) would be apparent. Rather, in our assessment, these filings reflect nothing more than legitimate effort by an attorney to protect her clients’ legal interests, which include defending against threatened sanctions. As such, we find these filings do not contain what can be construed as violations of La. C.C.P. art. 863(B). In the absence of such violations, La. C.C.P. art. 863 18sanctions are not permitted. We therefore find that the trial court manifestly erred by sanctioning An-undra Martin pursuant to La. C.C.P. art. 863.
Additionally, most of the trial court’s justification for sanctioning Ms. Martin, as indicated in the court’s reasons *835 for judgment, is based upon apparent verbal assertions made by Ms. Martin during several conferences held in chambers, of which there is no record. As a court of appeal, this Court is a court of record, and our review is therefore limited to evidence in the record before us. See Alexander v. Parish of St. John the Baptist, 09-840 (La.App. 5 Cir. 3/28/10), 33 So.3d 999, 1004, writ denied, 10-1289 (La.9/17/10), 45 So.3d 1056 (citation omitted). With no record of the conferences held in chambers, we are unable to determine the extent to which counsel’s conduct formed a basis for the court to make a finding under La. C.C.P. art. 863. Nonetheless, as we found above, La. C.C.P. art. 863 sanctions are limited to assertions made in signed pleadings. Therefore, to the extent that the trial court imposed La. C.C.P. art. 863 sanctions on Anundra Martin for verbal assertions made off the record, we find the trial court was manifestly erroneous.
Furthermore, this Court is somewhat perplexed by Mary Jean White Martin’s pursuit of her motion for summary judgment after the other appellees had been dismissed from the case by exceptions granted on February 27, 2014. We find this troubling because Ms. Martin sought attorney fees contemporaneously with her motion for summary judgment. This pursuit of her motion for summary judgment served to incur additional attorney fees, for which Ms. Martin sought additional sanctions. In our opinion, after the other appellees’ exceptions had been granted, the most prudent course of action would have been for Ms. Martin to withdraw her motion for summary judgment and seek dismissal from the case by filing exceptions as soon as possible, thereby mitigating the attorney fees incurred |inand the sanctions sought therefor. We find objectionable Ms. Martin’s seeking sanctions for avoidable attorney fees incurred in pursuit of an unnecessary motion.
We now consider the sanctions imposed upon appellants. Pursuant to La. C.C.P. art. 863(D), a represented party may be sanctioned for a certification made in violation of La. C.C.P. art. 863(B).
On our review of the record, we find that the initial pleading, the “Petition for Enforcement of Mortgage on Real Estate,” is the signed pleading eligible to trigger La. C.C.P. art 863 sanctions as it was subsequently determined to lack evidentia-ry support, ie., no promissory note, which could amount to a violation of La. C.C.P. art. 863(B)(3). That provision states that by signature, a certification is made “that to the best of [the person’s] knowledge, information, and belief formed after reasonable inquiry,” “[e]ach allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.”
When the “Petition for. Enforcement of Mortgage on Real Estate” was filed, several exhibits were attached in support there- ' of. A copy of the mortgage itself was attached, which bears mortgage number 962230 and references the promissory note. Also attached were copies of two checks, dated February 7, 2003 and March 7, 2003, which were signed by appellee Luke Martin, Jr., were made payable to Seth Martin in the amount of $200.00, and referenced mortgage number 962230.
With a copy of the mortgage and copies of two checks acknowledging the purported debt secured by that mortgage, we find that at the time Carol Newman signed and filed the pleading, to the best of her knowledge, information, and belief formed after reasonable inquiry, there was evidentiary support and/or there was likely to be evi-dentiary support for the allegations in the pleading. As it turned out, In after further *836 investigation, the promissory note could not be located. In the absence thereof, appellants lacked a viable cause of action. The record reflects that after Ms. Newman informed appellants of this, they did not challenge her legal opinion or express a desire to pursue the cause of action, but informed her of their desire to have the matter “closed.” With no further instructions from her clients, a lack of communication, disputes regarding the payment of outstanding legal fees, and hostile relations, Ms. Newman withdrew as counsel of record. Nothing further in the ease occurred until the curator for the absent appellees filed a motion for status and settlement conference. This prompted An-undra Martin to enroll in the case in an effort to protect her relatives’ legal interests.
Under these facts, we do not find there was a violation of La. C.C.P. art. 863(B) by appellants. As such, we find that the trial court manifestly erred in sanctioning appellants pursuant to La. C.C.P. art. 863. Moreover, as noted previously, most of the trial court’s justification for sanctioning appellants was based upon assertions allegedly made by Anundra Martin during conferences in chambers for which there is no record. As stated earlier, we are unable to verify what occurred in chambers, and to the extent 'that the trial court imposed La. C.C.P. art. 863 sanctions on appellants for verbal assertions made by Ms. Martin off the record, we find that the trial court was manifestly erroneous.

DECREE

For the foregoing reasons, we reverse the judgment of the trial court sanctioning Anundra Martin and appellants pursuant to La. C.C.P. art. 863.

REVERSED.