LISETTE SCHROTH MORICE

VERSUS

YORKSHIRE COURT CONDOMINIUM
ASSOCIATION, INC., GARY KLEIN, ALEX A.
LAURICELLA, AND DIDRIKSEN, SAUCIER
& WOODS, PLC.

NO. 23-CA-118

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 829-142, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

November 29, 2023

**SCOTT U. SCHLEGEL**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Scott U. Schlegel

**<u>AFFIRMED</u>**
    **SUS**
    **JGG**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
LISETTE SCHROTH MORICE
     Louis R. Koerner, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
YORKSHIRE CONDOMINIUM ASSOCIATION, INC. AND GARY KLEIN
     Richard G. Duplantier, Jr.
     Jennifer R. Buckingham
     Madeline G. Smith

COUNSEL FOR DEFENDANT/APPELLEE,
ALEX A. LAURICELLA
     Dane S. Ciolino
     Clare S. Roubion

COUNSEL FOR DEFENDANT/APPELLEE,
DIDRIKSEN, SAUCIER & WOODS, PLC
     Caleb H. Didriksen, III
     Erin B. Saucier
     Carl A. Woods, III

**SCHLEGEL, J.**

Plaintiff, Lisette Schroth Morice ("Morice"), appeals the trial court's October 17, 2022 judgment which granted the peremptory exceptions of prescription filed by defendants, Didriksen, Saucier, and Woods, PLC ("DSW"), and Alex Lauricella ("Lauricella"), and dismissed with prejudice plaintiff's claims against the remaining defendants, Yorkshire Court Condominium Association, Inc. ("YCC") and Gary Klein ("Klein"). Finding that Morice's claims have prescribed, we affirm the grant of the exceptions of prescription. We further affirm the trial court's denial of the motion for sanctions against Morice filed by DSW and Lauricella.

Facts and Procedural History

A. <u>Lawsuits in First Parish Court of Jefferson Parish</u>

Morice has owned condominium Unit # 226 at YCC since April 2010. In late April 2010, Morice had washer and dryer connections installed. Klein, who was the property manager of YCC, sent Morice a letter dated April 27, 2010, indicating that the condominium did not permit washer or dryer connections, and requested that the connections be removed or Morice would be fined. On June 21, 2010, YCC and its board notified Morice in writing that washer and dryer appliances were not allowed to be installed in Unit # 226 per the condominium declaration. Morice installed a washer and dryer in the unit at some point thereafter.

On or about December 19, 2017, YCC was notified that Morice had installed washer and dryer appliances in the unit. On May 8, 2018, Lauricella, an attorney with DSW law firm, sent Morice a letter demanding the removal of the washer and dryer, indicating that the appliances were in violation of YCC's bylaws and condominium declaration, and itemizing penalties if the appliances were not removed.

Subsequently, YCC, represented by Lauricella and DSW, filed two lawsuits in the First Parish Court of Jefferson Parish, consisting of an open account petition in *Yorkshire Court Condominium Association, Inc. v. Lisette Schroth Morice*, No. 166-966, and a petition for injunctive relief in *Yorkshire Court Condominium Association, Inc. v. Lisette Schroth Morice*, No. 166-944. The cases were consolidated ("First Parish Court cases").

In advance of the trial, Morice filed an exception of prescription alleging that the appliances had long been installed with YCC's knowledge. In opposition, YCC filed an affidavit dated October 4, 2019 by Klein, which stated that "Mr. Klein did not learn that a washer and dryer were installed in Ms. Morice's unit until December of 2017." In addition, a Lien Affidavit and Statement of Assessment ("lien affidavit") dated October 9, 2020 was filed on YCC's behalf, signed by Lauricella, as agent in fact and attorney for YCC. In its lawsuit and at trial, YCC highlighted the distinction between the installation of washer and dryer connections versus the installation of washer and dryer appliances because the amended condominium declaration prohibited the installation of "individual automatic clothes washers and dryers." The First Parish Court denied Morice's exception.

At the trial on March 29, 2022, the First Parish Court ruled from the bench and dismissed YCC's claims, with each party to bear their own costs. The judgment was entered on April 11, 2022.

B. Lawsuit in the 24th Judicial District Court

On June 10, 2022, Morice filed her petition in the 24th Judicial District Court naming as defendants, YCC and Klein, the plaintiffs in the First Parish Court cases, and also adding as defendants, Lauricella and DSW, the attorney and law firm representing YCC and Klein. The gravamen of Morice's petition involves allegations regarding two documents filed in the First Parish Court cases: (1) the

October 4, 2019 affidavit by Klein and notarized by Lauricella ("Exhibit 1") was "perjured", and (2) the October 9, 2020 lien affidavit by Lauricella ("Exhibit 2") was false. The petition alleged that these documents were falsely sworn under oath in violation of La. R.S. 14:123 (perjury), and in violation of La. R.S. 14:133 (filing of false public records). Morice further asserted she was entitled to civil damages for racketeering activity under La. R.S. 15:1356[E], damages available under general negligence, and reasonable attorney's fees, expenses, and costs. DSW and Lauricella filed exceptions to the petition and also motions for sanctions.

In response, Morice filed an amended petition on August 3, 2022, which added statements and claims against the attorney defendants, stating, for example that by filing the October 9, 2020 lien affidavit "Lauricella, on information and belief, acted with malice and greed in order to receive continued payment of attorney fees and also intended that petitioner suffer financial, physical, and emotional harm on account of the falseness of Exhibit 2 and the continued prosecution of knowingly false factual accusations and meritless litigation." The amended petition further claimed that the attorney defendants intentionally violated their ethical obligations to the First Parish Court by intentionally violating the Louisiana Rules of Professional Conduct, including Rule 1.2 – Scope of Representation, and Rule 3.3(a) – Candor Toward the Tribunal. An additional claim of abuse of process under La. C.C. art. 2315 was made against all defendants.

The attorney defendants reset the previously filed exceptions of prescription, res judicata, no cause of action, no right of action, prematurity, vagueness and ambiguity, which were set on October 17, 2022. YCC and Klein also set their exceptions of res judicata, no cause of action, and no right of action for the same day. On October 14, 2022, Morice filed an "Opposed Motion to Continue" the hearing.

At the hearing on October 17, 2022, the trial court denied Morice's motion to continue the hearing as untimely filed; granted the exceptions of prescription filed by DSW and Lauricella; and dismissed the plaintiff's claims against all defendants. The motions for sanctions filed by the attorney defendants were denied.

## Law and Analysis

### A. Exception of Prescription

An exception of prescription is a type of peremptory exception. The function of the peremptory exception is to have the plaintiff's action declared legally nonexistent, or barred by the effect of law, and hence this exception tends to dismiss or defeat the action. *Ruffins v. HAZA Foods of Louisiana, LLC*, 21-619 (La. App. 5 Cir. 5/25/22), 341 So.3d 1259, 1262. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception, including prescription. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. When a cause of action is prescribed on its face, the burden is upon the plaintiff to show that the running of prescription was suspended or interrupted in some manner. *Id.*, *citing*, *Woods v. Cousins*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied*, 12-2452 (La. 1/11/13), 107 So.3d 617.

At the trial of a peremptory exception of prescription, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." *Ruffins v. HAZA Foods of Louisiana, LLC*, 341 So.3d at 1262, *citing,* La. C.C.P. art. 931. In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true. *Ruffins v. HAZA Foods of Louisiana, LLC*, 341 So.3d at 1262. But the latter principle applies only to properly-pleaded

material allegations of fact, as opposed to allegations deficient in material detail, conclusory factual allegations, or allegations of law. *Id.*

The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *Id.* When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *Id.* However, when evidence is introduced at a hearing on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Id.*

No evidence was introduced at the trial court hearing. Thus, we review the trial court's judgment *de novo*, and accept the facts alleged in the amended petition as true.

Morice's first assignment of error is that the trial court was erroneously induced to grant the exceptions of prescription under the one-year peremptive period of La. R.S. 9:5605. Morice argues that the trial court erred in applying La. R.S. 9:5605 to her claims against the defendants because she had no legal relationship and did not receive any legal advice from any defendant.

La. R.S. § 9:5605, entitled "Actions for legal malpractice," provides in pertinent part:

> A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

The jurisprudence considering Section 5605 has held that in order for the statute to apply, the action for damages must arise out of an engagement to provide legal services. *Broussard v. F.A. Richard & Assocs., Inc.*, 98-1167 (La. App. 3 Cir. 3/17/99), 732 So.2d 578, 583, *writ denied,* 99-1048 (La. 6/4/99), 744 So.2d 625; *Raspanti v. Raspanti*, 07-295 (La. App. 5 Cir. 12/11/07), 977 So.2d 95, 98, *writ denied,* 2008-0096 (La. 3/7/08), 977 So.2d 906. The seminal case of *Broussard* held that Section 5605 did not apply to the plaintiff's claim against the defendant-attorney because her claim arose from an alleged tort of concealment and was not a claim for legal malpractice. The *Broussard* Court held that "[t]he statute was not designed to protect every action of every attorney simply because the attorney was practicing law at the time the act or omission was committed. Such application would be unjust and would lead to unreasonable results." 732 So.2d at 583.

As applied to the case at bar, Morice's claims against the attorney defendants do not arise from alleged legal malpractice, but are asserted based upon negligence or intentional torts. As a result, the peremptive period for legal malpractice claims set forth in La. R.S. 9:5606 does not apply to the pending case.

We next consider the attorney defendants' alternative argument that the prescriptive period applicable to delictual actions applies as set forth in La. C.C. art. 3492. Delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the date the injury is sustained. La. C.C. art. 3492. Delictual liability includes intentional misconduct. Revision Comment – 1983, Comment (b), to La. C.C. art. 3492. Morice's claims for abuse of process raise delictual claims that are subject to a prescriptive period of one year. *See Foster v. Bias*, 2022-0329 (La. App. 1 Cir. 12/22/22), 358 So.3d 520, 530, *writ denied,* 2023-00090 (La. 3/28/23), 358 So.3d 503 ("Foster's abuse of process claim is a delictual action subject to a prescriptive period of one year.")

Morice asserts claims of negligence or intentional torts against defendants. The actions complained of arise from the filing in the First Parish Court of the October 4, 2019 affidavit by Klein and the October 9, 2020 lien affidavit signed by Lauricella. The lawsuit in the 24th Judicial District Court was not filed until June 10, 2022, which was more than one year after the actions of which Morice complains. Thus, the suit is barred by La. C.C. art. 3492. Counsel for Morice even acknowledged during oral argument in the trial court that her claims based on the allegedly false affidavit and lien statement were prescribed, stating "[y]es, there may be prescription on that aspect. But malicious civil prosecution doesn't accrue until the date of the judgment."

Morice argues that her abuse of process claim was a continuing tort. This argument is unavailing. Her amended petition made no reference to continuing torts. Even if it had, the continuing tort theory would not apply. *See No Drama, LLC v. Caluda*, 15-211 (La. App. 5 Cir. 10/14/15), 177 So. 3d 747, 752 ("For the continuing tort doctrine to apply, both the tortious conduct and the resulting damages must be continuous. . . . Although plaintiff alleges to have continuously sustained damages to its reputation and its finances until the dismissal of the underlying suit, the operating cause, the filing of the lawsuit, is not a continuous tort.") As in *No Drama LLC v Caluda*, the filing of the allegedly false affidavit and lien affidavit are not continuous actions.

Morice further asserts that her claim for malicious civil prosecution is timely because the liberative prescriptive period for a malicious prosecution claim does not begin to run until the underlying prosecution claim is dismissed. She therefore argues that prescription on this claim began to run on April 11, 2022, the day the judgment was entered in First Parish Court. But this argument is without merit because her amended petition did not include a claim for malicious civil prosecution.

At the hearing on October 17, 2022, the trial court granted the exceptions of prescription, and did not rule upon the defendants' remaining exceptions, which were withdrawn by the defendants. Thus, although some of the remaining exceptions may have merit, we need not consider them.

Morice further argues that the trial court erroneously denied her motion for new trial as being untimely filed. Irrespective of the timeliness of the motion for new trial, we find that plaintiff's claims are prescribed for the reasons discussed above.

B. Motion for Sanctions

DSW and Lauricella appeal the trial court's denial of their motions for sanctions under La. C.C.P. art. 863, asserting that Morice never had any evidentiary support for the factual allegations made against them in the trial court.

On appeal, a trial court's imposition of sanctions pursuant to La. C.C.P. art. 863 will not be reversed unless clearly wrong or manifestly erroneous. *Teal v. Zeagler*, 21-586 (La. App. 5 Cir. 7/6/22), 345 So.3d 1092, 1099; *Martin v. Martin*, 14-749 (La. App. 5 Cir. 2/25/15), 168 So.3d 829, 834. We find no abuse of the trial court's broad discretion in denying DSW and Lauricella's motions for sanctions.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 29, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-118

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
LOUIS R. KOERNER, JR. (APPELLANT)      JENNIFER R. BUCKINGHAM (APPELLEE)      MADELINE G. SMITH (APPELLEE)
RICHARD G. DUPLANTIER, JR.      CLARE S. ROUBION (APPELLEE)      DANE S. CIOLINO (APPELLEE)
(APPELLEE)      CARL A. WOODS, III (APPELLEE)      ERIN B. SAUCIER (APPELLEE)
CALEB H. DIDRIKSEN, III (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED