FREDERICKA HOMBERG WICKER, Judge.
| gPlaintiff appeals the trial court judgment sustaining defendant’s exception of prescription and exception of no cause of action, dismissing plaintiffs abuse of process and malicious prosecution claims against defendant. For the following reasons, we find that the trial court was correct in granting defendant’s exception of *750 prescription as to its abuse of process claim. However, we find the trial judge erred in sustaining defendant’s exception of no cause of action as to plaintiffs malicious prosecution claim. Accordingly, we reverse that portion of the judgment and remand to the trial court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

On July 25, 2013, plaintiff, No Drama, LLC, filed suit against defendants, Allicen and Kenneth Caluda and the Kenneth and Allicen Realty Trust[1] (“the Trust”), asserting abuse of process and malicious prosecution claims arising out of an allegedly frivolous lawsuit filed by defendants against plaintiff in August of 2006.
lain its original and supplemental petitions, plaintiff asserted that, on May 8, 2006, defendants filed a lawsuit against an unrelated company, Fifth Business, LLC, in connection with a disputed property lease, seeking to evict.Fifth Business from the leased premises.[2] On August 18, 2006, defendants supplemented the suit to add No Drama, LLC as a defendant. The petitions further asserted that plaintiff, No Drama, LLC, was formed on April 7, 2006, for the purpose of owning and operating food court kiosks in the Galleria Office Building, and was formed as a distinct and separate entity from Fifth Business, LLC. Plaintiff asserted that defendants “intentionally filed a frivolous and vexacious lawsuit against No Drama, LLC seeking to improperly hold plaintiff responsible for the separate/alleged/disputed obligations of Fifth Business, LLC.”
In its petition, plaintiff alleged that it provided financial documentation to defendant to prove that No Drama, LLC was a separate and distinct entity from Fifth Business, LLC. Plaintiff alleged that, despite this knowledge, defendants refused to dismiss the frivolous lawsuit against plaintiff. As a result, plaintiff alleged that it suffered significant financial damages, resulting in the ultimate dissolution of No Drama, LLC.
On May 20, 2014, Allicen Caluda filed an exception of prescription as to plaintiffs abuse of process claim, asserting that plaintiffs claim — filed nearly seven years after the filing of the allegedly frivolous lawsuit — had prescribed.[3] On that same date, Ms. Caluda filed an exception of no cause of action as to plaintiffs |4malicious prosecution claim.[4] Ms. Caluda argued that, because the underlying 2006 lawsuit had been dismissed by reason of abandonment and not through adjudication on the *751 merits, the abandonment did not constitute a “bona fide ” termination of the litigation, as required to prove a malicious prosecution claim.
On August 14, 2014, the trial court conducted a hearing on Ms. Caluda’s exceptions and took the matters under advisement. On September 12, 2014, the trial court issued a judgment sustaining Ms. Caluda’s exceptions. Considering the exception of prescription as to plaintiffs abuse of process claim, the trial judge found that an abuse of process claim is a tort claim subject to a one-year prescriptive period; thus, the trial judge found that plaintiffs claim, filed nearly seven years after plaintiff was named in the underlying 2006 litigation, was prescribed.
Considering the exception of no cause of action as to the malicious prosecution claim, the trial judge sustained Ms. Calu-da’s exception of no cause of action, finding that plaintiff could not satisfy one element of its claim, that the underlying litigation ended in a bona fide termination. The trial judge found that the dismissal by way of abandonment was not a determination on the merits of the suit and, thus, was not a bona fide termination sufficient to satisfy that element of a malicious prosecution claim. Accordingly, the trial court dismissed plaintiffs suit with prejudice. This appeal follows.[5]

^DISCUSSION

Plaintiff appeals the trial court’s judgment sustaining Ms. Caluda’s exception of prescription as to its abuse of process claim as well as her exception of no cause of action as to its malicious prosecution claim.

Exception of Prescription

Ms. Caluda filed an exception of prescription as to plaintiffs abuse of process claim, asserting that the abuse of process claim is subject to a one-year prescriptive period, commencing from the date of the allegedly improper filing of suit against it. Therefore, Ms. Caluda asserts that plaintiffs claim, filed nearly seven years after the filing of the 2006 suit against it, is prescribed.
The tort of abuse of process involves the misuse of a process whereby a party attempts to obtain some result not proper under law. Stark v. Eunice Superette, Inc., 457 So.2d 291 (La.App. 3 Cir.1984). “The requirements for abuse of process and for malicious prosecution are distinguishable and distinguished.” Succession of Cutrer v. Curtis, 341 So.2d 1209 (La.App. 1 Cir.1976). An abuse of process claim has two essential elements: (1) the existence of an ulterior purpose and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding. Waguespack, Seago and Carmichael v. Lincoln, 99-2016 (La.App. 1 Cir. 9/22/00), 768 So.2d 287, 290-91.
An abuse of process claim originates from the common law and is “recognized under our jurisprudence as a compensable tort under LSA-C.C. art. 2315.” See Mini-Togs, Inc. v. Young, 354 So.2d 1389 *752 (La.App. 2 Cir.1978). La. C.C. art. 2315. governs delictual actions, which are generally subject to a liberative prescriptive period of one year. See La. C.C. art. 3492; McGee v. AC and S, Inc., 933 So.2d 770 (La.7/10/06). This prescription commences to run from the day injury or damage is sustained. Id.
| (;PlaintifPs claim for abuse of process is predicated on the allegedly improper filing of the August 18, 2006 petition, naming plaintiff as a defendant in the underlying litigation. Plaintiff alleges in its petition that the trial court in the underlying suit lacked jurisdiction to accept defendants’ August 18, 2006 pleading because the underlying matter at that time was pending on appeal in this Court. Plaintiff did not file this lawsuit against defendants until nearly seven years later, on July 25, 2013. When the face of the petition shows the prescriptive period has already elapsed, the plaintiff has the burden of establishing that .suspension, interruption, or renunciation of prescription has occurred. Ferguson v. Sugar, 05-0921 (La.App. 4 Cir. 6/25/08), 988 So.2d 816, 830, writ denied, 08-2179 (La.12/12/08), 996 So.2d 1118.
Unlike claims of defamation and malicious prosecution, which cannot be asserted until termination of the prosecution or litigation, a claim for abuse of process may be asserted prior to the termination of the litigation in which the allegations were made. Palmer v. Ameriquest Mortg. Co., 41,576 (La.App. 2 Cir. 12/13/06), 945 So.2d 294. Plaintiff claims that the continuing tort doctrine applies to its abuse of process claim and that prescription did not commence to run until the dismissal of the frivolous lawsuit on July 25, 2012. Plaintiff argues that defendants’ continuous failure to dismiss the underlying lawsuit prior to its July 25, 2012 dismissal, despite knowledge that No Drama, LLC and Fifth Business, LLC were in fact two separate and distinct entities, constituted a continuing tort, suspending the commencement of the prescriptive period.
For the continuing tort doctrine to apply, both the tortious conduct and the resulting damages must be continuous. A continuing tort is occasioned by unlawful acts, not the continuation of the ill effects of an original, wrongful act. Crump v. Sabine River Auth., 98-2326 (La.6/29/99), 737 So.2d 720, 728. “[T]he |7breach of the duty to right a wrong and make the plaintiff whole simply cannot be a continuing wrong which suspends the running of prescription, as that is the purpose of any lawsuit and the obligation of every tortfea-sor.” Crump v. Sabine River Auth., 737 So.2d at 729. Further, “the theory of continuing tort ... requires that the operating cause of the injury be a continuous one which results in continuous damages.” Id. at 726. In an abuse of process claim, a plaintiff must prove that “a willful act in the use of the process [was] not proper ...” Vasseau v. Eunice Superette, Inc., 386 So.2d 692, 695 (La.App. 3 Cir.1980).
In this case, we find that the abuse of process claim, based upon the willful and allegedly improper filing of the underlying lawsuit, is not a continuing tort. Although plaintiff alleges to have continuously sustained damages to its reputation and its finances until the dismissal of the underlying suit, the operating cause, the filing of the lawsuit, is not a continuous tort. Accordingly, we find that the filing of the August 18, 2006 pleading, naming plaintiff as a defendant in the underlying litigation, serves as the commencement of the one-year prescriptive period for plaintiffs abuse of process claim. Accordingly, we find the trial court did not err in finding that plaintiffs abuse of process claim, filed nearly seven years after the filing of suit against it, is prescribed.

*753
Exception of No Cause of Action

Ms. Caluda filed an exception of no cause of action as to plaintiffs malicious prosecution claim, asserting that plaintiffs petition failed to properly allege each element of a malicious prosecution claim. Specifically, Ms. Caluda argued that plaintiff in fact cannot prove an essential element of its malicious prosecution claim— that the previous lawsuit was dismissed pursuant to a bona fide termination — because the underlying lawsuit was dismissed on the ground of abandonment and not following an adjudication on the merits.
Is An exception of no cause of action questions whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. Indus. Companies, Inc. v. Durbin, 02-0665 (La.1/28/03), 837 So.2d 1207, 1213. The exception of no cause of action is triable on the face of the petition'. No evidence may be introduced to support or controvert an exception of no cause of action. La. C.C.P. art. 931. Consequently, the court reviews the petition and accepts well-pleaded allegations of fact as true. Jackson v. State ex rel. Dept. of Corrections, 00-2882 (La.5/15/01), 785 So.2d 803, 806.
The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause of action. Wood v. Omni Bancshares, Inc., 10-216 c/w 10-567 (La.App. 5 Cir. 4/26/11), 69 So.3d 475, 480. Because the trial of the exception is solely on the face of the pleadings, the court may not go beyond the petition to the merits of the case. Id.
An exception of no cause of action should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Indus. Companies, Inc., 837 So.2d at 1213. In reviewing the judgment of the district court relating to an exception of no cause of action, appellate courts should conduct a de novo review because the exception raises a question of law and the lower court’s decision is based solely on the sufficiency of the petition. In re Succession of Russo, 12-32 (La.App. 5 Cir. 5/22/12), 96 So.3d 1231, 1234. The mover has the burden of demonstrating that the petition states no cause of action. The pertinent question is whether, in the light most favorable to the plaintiff and with every doubt resolved in the plaintiffs behalf, the petition states a cause of action for relief. Pinegrove Elec. Supply Co., 9Inc. v. Cat Key Const., Inc., 11-660 (La.App. 5 Cir. 2/28/12), 88 So.3d 1097, 1100; New Orleans Craft Temple, Inc. v. Grand Lodge of Free & Accepted Masons of the State of Louisiana, 13-525 (La.App. 5 Cir. 12/19/13), 131 So.3d 957.
To prevail, a plaintiff asserting a malicious prosecution claim must prove: (1) the commencement or continuance of an original criminal or civil law judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage conforming to legal standards resulting to the plaintiff. Jones v. Soileau, 448 So.2d 1268, 1271 (La.1984); Brungardt v. Summitt, 08-0577 (La.App. 4 Cir. 4/8/09), 7 So.3d 879, 886.
A review of plaintiff’s original and supplemental petitions reflect that plaintiff properly asserted a cause of action for malicious prosecution. Plaintiffs petitions *754 assert that defendant Ms. Caluda and the Trust caused the filing of a “frivolous lawsuit” against it “without any basis in law or fact” and with “malicious[ ] ... evil and nefarious intent.” The petitions further state that the underlying litigation was dismissed and that plaintiff “successfully prevailed in the underlying lawsuit maliciously filed....”’ The petitions additionally allege that plaintiff sustained damages as a result of the lawsuit against it, including the loss of business profit and revenue.
A necessary element of the malicious prosecution cause of action is the bona fide termination of the underlying judicial proceeding in favor of the party asserting the malicious prosecution. Milling, Benson, Woodward, Hillyer, Pierson & Miller, L.L.P. v. American Marine Holding Co., 729 So.2d at 142. Ms. Caluda argues that the dismissal of a lawsuit by grounds of abandonment is not a bona fide termination on the merits, sufficient to satisfy the third element of a malicious | ^prosecution claim and, thus, argues that plaintiff cannot adequately state a cause of action under the facts of this case.
A review of the petitions in this case, however, reflects that neither the original nor supplemental petition alleges that the underlying litigation was dismissed by reason of abandonment. To the contrary, the petitions specifically allege that “No Drama, LLC successfully prevailed in the underlying lawsuit maliciously filed by the Trust” and that, on July 25, 2012, plaintiff “obtained a bona fide termination of the frivolous and malicious suit filed by defendants against No Drama, LLC.” The exception of no cause of action is triable on the face of the petition. In deciding whether a petition states a cause of action, a court must accept the facts alleged in the petition without reference to any extraneous supporting or controverting evidence. La. C.C.P. art. 931; Robinson v. North American Royalties, Inc., 470 So.2d 112 (La.1985); Milling, Benson, Woodward, Hillyer, Pierson & Miller, L.L.P. v. American Marine Holding Co, supra. Whether the plaintiff can prove the allegations set forth in the petition is not determinative of the exception of no cause of action. Wood, 69 So.3d at 480.[6]
We find the allegations set forth in plaintiffs petitions are sufficient to state a cause of action for malicious prosecution. The trial judge in this case erred by looking beyond the petitions in its determination of Ms. Caluda’s exception of no cause of action.

CONCLUSION

For the reasons provided herein, the trial court judgment sustaining Ms. Calu-da’s exception of prescription as to plaintiffs abuse of process claim is affirmed. However, we find that the trial court erred in sustaining Ms. Caluda’s ^exception of no cause of action as to plaintiffs malicious prosecution claim. Accordingly, that portion of the judgment is reversed and this matter is remanded to the trial court for further proceedings.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

. The estate of Kenneth Caluda was also a named defendant.

. In that matter, the trial court granted the petition for possession and ordered that Fifth Business be evicted from the leased property; on appeal, this Court reversed that judgment, finding that the record lacked sufficient evidence to support the judgment. See Kenneth and Allicen Caluda Trust v. Fifth Business, LLC, 06-608 (La.App. 5 Cir. 12/27/06), 948 So.2d 1137. In their briefs to this Court, the parties assert that the founding members of Fifth Business, LLC and No Drama, LLC are identical. Further, in plaintiff's original peti-. tion, it asserts that the Trust filed the underlying lawsuit but in its supplemental and amending petition, it asserts that "defendants” filed the underlying lawsuit. Plaintiff asserts that Allicen and Kenneth Caluda are liable in solido with the Trust for the claims asserted in this case.

. Based upon the record before us, Allicen Caluda is the only named defendant who has responded to plaintiffs suit.

. Ms. Caluda’s exception of no cause of action was also filed as to plaintiff's abuse of process claim. However, because the trial court found plaintiff's abuse of process claim prescribed, the trial court did not address the exception of no cause of action as to the abuse of process claim.

. Procedural note: Plaintiff, in its brief, questions the jurisdiction of this Court to consider this matter under its appellate jurisdiction, asserting that because there are three other named defendants remaining in the litigation that the judgment appealed may not be a final, appealable judgment. We find the judgment appealed is a final, appealable judgment under La. C.C.P. art. 1915(A) without the necessity for further designation by the trial court under La. C.C.P. art. 1915(B) because the judgment appealed dismisses a party from the litigation. See La. C.C.P. art. 1915(A); La. C.C.P. art. 1911; see also Clulee v. St. Pierre, 13-881 (La.App. 5 Cir. 5/14/14), 142 So.3d 83; Riehm v. State Farm Mut. Auto. Ins. Co., 07-651 (La.App. 5 Cir. 1/22/08), 977 So.2d 1045, 1046, writ denied, 08-0387 (La.4/18/08), 978 So.2d 350.

. In this opinion, we do not consider nor do we opine on the question of whether the dismissal of a suit on the ground of abandonment qualifies as a bona fide termination of the litigation, sufficient to satisfy that element of a malicious prosecution claim.