FRANK J. PANEPINTO, JR. AND JOHN A. PANEPINTO

VERSUS

CECILE LAURIE PANEPINTO, DWAYNE SMITH, SR., GENEVA FINANCIAL, LLC, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

NO. 23-CA-297

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 829-255, DIVISION "E"
HONORABLE FRANK A. BRINDISI, JUDGE PRESIDING

March 20, 2024

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Timothy S. Marcel

<u>**AFFIRMED**</u>
**FHW**
**TSM**

<u>**DISSENTS IN PART WITH REASONS**</u>
**MEJ**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
FRANK J. PANEPINTO, JR. AND JOHN A. PANEPINTO
    Harold E. Molaison
    Justin E. Molaison
    Jack E. Morris

COUNSEL FOR DEFENDANT/APPELLEE,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
    Elizabeth C. Price

COUNSEL FOR DEFENDANT/APPELLEE,
EDDIE M. ENCALARDE, JR. AND ENCALARDE LAW FIRM, LLC
    Alan W. Stewart
    James H. Gibson

**WICKER, J.**

Plaintiffs appeal the trial court judgment granting Defendants' exceptions of no cause of action, dismissing Plaintiffs' suit against them. For the following reasons, we affirm the trial court judgment.

## FACTUAL AND PROCEDURAL HISTORY

This litigation arises out of the sale of a property sold pursuant to a judgment of possession rendered in an underlying succession suit. The facts and procedural history in the underlying succession case were clearly set forth in this Court's prior opinion as follows:

> On March 14, 2021, Frank Panepinto, Sr. ("Frank, Sr.") passed away. At the time of his death, he was married to Cecile Laurie Panepinto and was survived by two children from a previous marriage, Frank Panepinto, Jr. ("Frank, Jr.") and John Panepinto.
>
> On September 23, 2021, Cecile filed a "Petition to File and Execute Notarial Testament and for Possession," asking to be recognized as the sole legatee of Frank, Sr.'s estate and to be placed into possession of the entirety of the estate in full ownership. Cecile noted in her petition that Frank, Sr.'s statutory will, dated June 28, 2004, provided:
>
>> To my wife, Cecile Laurie Panepinto, I give and bequeath my entire estate, of whatever nature it consists, whether separate or community, movable or immovable.
>>
>> It is made clear that I bequeath unto my wife, Cecile Laurie Panepinto, all funds on deposit and certificates of deposit in any and all bank accounts, as well as our two vehicles and household furnishings in our home at 1709 Lake Salvador Drive, Harvey, Louisiana 70058.
>
> Although the will was attached to the petition, Cecile did not mention in her petition that the will also contained the following provision:
>
>> If my wife, Cecile Laurie Panepinto, sells the family home at 1709 Lake Salvadro Drive, Harvey, Louisiana, she is to pay my children, Frank J. Panepinto, Jr. and John A. Panepinto, one-half (1/2) of the net proceeds.
>
> On September 27, 2021, the trial court signed an order providing that the will shall be filed and given the effect of probate. The trial court also signed a judgment of possession on this same date, ordering that Cecile be recognized as the only legatee named in Frank, Sr.'s will and sending her into possession of the entirety of Frank, Sr.'s estate, including the immovable property located at 1709 Lake Salvador Drive,

in full ownership. The record does not reflect that Frank Jr. or John was served with any pleadings or the judgment of possession in this matter. On October 29, 2021, Frank, Jr. and John filed a motion for suspensive appeal from the judgment of possession, which was granted by the trial court on November 2, 2021. On January 24, 2022, Frank, Jr. and John filed "Peremptory Exception of Nonjoinder of Parties Needed for Just Adjudication on Behalf of Third-Party-Appellants Frank J. Panepinto, Jr. and John A. Panepinto" in this Court.

*Succession of Panepinto*, 21-709 (La. App. 5 Cir. 9/13/22), 349 So.3d 1014, 1016.

On appeal, this Court granted the peremptory exception of nonjoinder and found that Plaintiffs herein, John and Frank Panepinto, Jr., were parties necessary for just adjudication in the underlying succession proceeding. This Court vacated the trial court's judgment of possession and remanded the matter to the trial court for further proceedings. *Id*.

On June 14, 2022[1], Plaintiffs filed a separate action in the 24th Judicial District Court by filing a "Petition for Conversion and Abuse of Process or Declaratory Judgment" against Cecile Panepinto, Cecile's attorney Eddie M. Encalarde, and the Encalarde Law Firm (hereinafter collectively ELF).[2] In their original petition, Plaintiffs alleged that Cecile sold the property at issue on October 8, 2021 for $398,000.00 without notice to Plaintiffs, and further, that Cecile failed to subsequently give Plaintiffs their ½ of the net sale proceeds in accordance with the decedent, Frank, Sr.'s, will.

---

[1] Plaintiffs filed their original petition on June 14, 2022, but amended their petition to add additional defendants, including ELF, on September 28, 2022.

[2] Plaintiffs also filed suit against Dwayne Smith, the individual who purchased the property, Geneva Financial, and MERS (Mortgage Electronic Services), the mortgage company and finance company that provided a mortgage to Mr. Smith. As to MERS, Plaintiffs sought a declaratory judgment declaring the sale to Mr. Smith and the related mortgage a nullity. In their petition, Plaintiffs pled their action against MERS, Mr. Smith, and Geneva Financial *in the alternative*, seeking relief only in the event the trial court determined Plaintiffs were not entitled to or awarded the ½ of the net proceeds from the sale. MERS also filed an exception of no cause of action and an exception of nonjoinder of a party, asserting that the Clerk of Court is a necessary party in any proceeding where plaintiffs seek to cancel a mortgage. The trial court granted both exceptions. Plaintiffs appealed that judgment in favor of MERS in the instant appeal. However, Plaintiffs have acknowledged that they have, since the filing of this appeal, received their ½ of the net proceeds from the sale of the property in the underlying succession suit and, thus, their claims against MERS are rendered moot. At oral argument, Plaintiffs' counsel acknowledged that the only issue presented to this Court on appeal at this time is the exception of no cause of action rendered in favor of attorney Eddie Encalarde and the law firm, ELF, dismissing Plaintiffs' claims against them.

In their supplemental petition, Plaintiffs also asserted abuse of process claims against ELF—contending that ELF's filing of the petition for possession in the underlying succession suit on behalf of their client, Cecile, without joining Plaintiffs in the suit as conditional legatees was an abuse of legal process. They further alleged that ELF had a wrongful or ulterior motive to exclude Plaintiffs from the underlying succession suit and subsequent property sale. Plaintiffs alleged that ELF initiated the suit to intentionally harm Plaintiffs. Plaintiffs sought general and special damages including but not limited to mental anguish, emotional distress, inconvenience and aggravation, and attorney fees and costs incurred in the litigation.

On November 11, 2022, ELF filed an exception of no cause of action, asserting that Plaintiffs could not state a cognizable abuse of process claim against ELF. Specifically, ELF alleged that Plaintiffs failed to meet the heightened pleading requirement to assert an abuse of process claim against an adversary's attorney participating in legal proceedings on a client's behalf, and failed to allege a factual basis to support a finding that ELF's actions in filing the petition for possession in the underlying succession suit were malicious with an intent to harm Plaintiffs.

Following a hearing on the exception, the trial court granted ELF's peremptory exception of no cause of action, dismissing Plaintiffs' claims against ELF.[3] This timely appeal followed.

## LAW AND ANALYSIS

On appeal, Plaintiffs seek review of the trial court judgment granting ELF's exception of no cause of action as to Plaintiffs' abuse of process claims and

---

[3] On February 14, 2023, the trial court granted ELF's exception of no cause of action. On April 21, 2023, the trial court amended the judgment to include the necessary decretal language, granting ELF's exception of no cause of action and dismissing Plaintiffs' claims against ELF.

dismissing Plaintiffs' petition against ELF.[4]  Plaintiffs contend that their petition sufficiently states a cause of action for abuse of process against Cecile's attorney and his law firm, ELF.  Alternatively, Plaintiffs contend that the trial court erred in granting the exception of no cause of action without first allowing Plaintiffs the opportunity to amend the petition pursuant to La. C.C.P. art. 934.[5]

In their first amended petition, Plaintiffs alleged that Encalarde, as Cecile's attorney, filed a "Petition to File and Execute Notarial Testament and for Possession" in the underlying succession case praying that Cecile be recognized as the sole legatee and placed in possession of the entirety of the decedent's estate. Plaintiffs further alleged that Encalarde "failed to disclose the existence of the conditional legacies to Frank, Jr. and John in the Will." They further alleged that Encalarde "failed to serve or otherwise provide…notice of the Succession proceeding, Petition for Possession, or Judgment of Possession" to Plaintiffs.

Further, in their amended petition, Plaintiffs alleged generally that the "improper and irregular use of process in the Succession Proceeding was motivated by an ulterior, wrongful motive and intent to sell the property without Court authority and without delivering to Frank, Jr. and John their conditional joint legacy of one-half of the net proceeds of the sale bequeathed to them in the Will."

An abuse of process claim originates from the common law and is recognized under our jurisprudence as a compensable tort under La. C.C. art. 2315. *Palowsky v. Campbell*, 22-592 (La. App. 5 Cir. 12/14/23), — So.3d —, 2023 WL

---

[4] As stated above, the assignments of error related to the judgment in favor of MERS are rendered moot by Plaintiffs' acknowledgment that they have received the net sale proceeds and that their claims against MERS were only pled *in the alternative* should the court have determined that they are not entitled to their ½ share of the net proceeds. Courts are not empowered to render advisory opinions on moot or abstract issues of law. *Id. Floyd v. E. Bank Consol. Fire Prot. Dist. for Par. of Jefferson*, 09-780 (La. App. 5 Cir. 4/13/10), 40 So.3d 160, 163, *writ denied sub nom. Floyd v. E. Bank Consol. Fire Prot. Dist. For the Par. of Jefferson*, 10-1094 (La. 9/3/10), 44 So.3d 689.

[5] La. C.C.P. art. 934 provides:
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to comply with the order to amend, the action, claim, demand, issue, or theory shall be dismissed.

8637837, citing *Mini–Togs, Inc. v. Young*, 354 So.2d 1389 (La. App. 2 Cir.1978). The tort of abuse of process involves the misuse of a process whereby a party attempts to obtain some result not proper under law. *No Drama, LLC v. Caluda*, 15-211 (La. App. 5 Cir. 10/14/15), 177 So.3d 747, 751; *Stark v. Eunice Superette, Inc.*, 457 So.2d 291 (La. App. 3 Cir.1984). An abuse of process claim has two essential elements: (1) the existence of an ulterior purpose and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding. *No Drama, LLC*, 177 So.3d at 751. In other words, generally, Plaintiffs must demonstrate that the Defendant employed a legal process for an improper reason and with an ulterior purpose or motive. *Palowsky*, *supra*.

Specifically concerning a claim for abuse of process against an adversary's attorney, the Louisiana Supreme Court has stated:

> Louisiana subscribes to the traditional, majority view that an attorney does not owe a legal duty to his client's adversary when acting in his client's behalf. A non-client, therefore, cannot hold his adversary's attorney personally liable for either malpractice or negligent breach of a professional obligation. The intent of this rule is not to reduce an attorney's responsibility for his or her work, but rather to prevent a chilling effect on the adversarial practice of law and to prevent a division of loyalty owed to a client. *Penalber v. Blount,* 550 So.2d 577 (La. 1989). Although *Penalber* re-affirmed the basic premise that an attorney acting on behalf of his client may not be sued by an adversary based on negligence or malpractice, that case did allow a cause of action against an attorney based on intentional tort:

> Intentionally tortious actions, ostensibly performed for a client's benefit, will not shroud an attorney with immunity. Consequently, even though an attorney does not generally owe a duty to his client's adversary, under the broad ambit of LSA–C.C. art. 2315, an attorney may be held personally accountable for his intentional tortious conduct....
>
>      *     *     *

> Of course, identifying an intentional tort in the context of an attorney's actions may be more difficult than identifying a traditional intentional tort. It is clear that the mere filing of a lawsuit, even if the suit appears meritless on its face, is not enough, since the attorney may be simply the instrument through which the client invokes judicial determination. *Spencer v. Burglass,* 337 So.2d 596 (La. App. 4th Cir.1976), *writ denied,* 340 So.2d 990 (La. 1977). Rather, we believe it is essential for the petition to allege facts showing specific malice or an intent to harm

on the part of the attorney in persuading his client to initiate and continue the suit.

*Montalvo v. Sondes*, 637 So.2d 127, 130 (La. 1994); see also *McDonald v. Bowen*, 54,798 (La. App. 2 Cir. 11/16/22), 351 So.3d 914, 919.

The Rules of Professional Conduct establish minimum standards for the ethical conduct of attorneys not only in their relations with their own clients, but with adversaries, opposing attorneys, the public, and the courts. Yet, the Louisiana Supreme Court has stated that "it cannot be seriously contended that the breach of an ethical duty to a client's adversary, absent malice, creates an actionable duty enforceable in tort." *See Montalvo v. Sondes,* 637 So.2d at 130. Similarly, it is plain that an attorney's breach of a rule imposing a duty relating to the general public would not, absent very unusual circumstances, vest a non-client with a delictual cause of action against an attorney. See *Teague v. St. Paul Fire & Marine Ins. Co.*, 06-1266 (La. App. 1 Cir. 4/7/09), 10 So.3d 806, 824, *writ denied*, 09-1030 (La. 6/17/09), 10 So.3d 722; *Spencer v. Burglass*, 337 So.2d 596 (La. App. 4th Cir.1976), *writ denied*, 340 So.2d 990 (La. 1977). A litigant who sues his adversary's attorney must show that the attorney acted with a specific malice or intent to personally inflict direct harm upon his client's adversary and with full knowledge that his conduct would cause such harm. *In re Succession of Carroll*, 46,327 (La. App. 2 Cir. 7/20/11), 72 So.3d 384, 389, *writ not considered*, 11-1844 (La. 11/4/11), 75 So.3d 912.

Moreover, mere evidence of procedural error does not establish an abuse of process claim. *Samuel v. Remy*, 15-0464 (La. App. 1 Cir. 8/31/16), *writ denied*, 16-1785 (La. 11/29/16), 211 So.3d 387. Rather, absent a showing of willful abuse through an illegal, improper, or irregular use of process, there is no cause of action for abuse of process. *Id*. In this case, Plaintiffs' petitions alleged that ELF, while representing Cecile, filed a petition for possession for the purpose of placing Cecile

in possession of the decedent's entire estate, including the immovable property at issue. Although this Court on appeal in the succession proceeding determined that Plaintiffs should have been joined as conditional legatees and necessary parties for adjudication, the actual legal process of filing a petition for possession in the 24th Judicial District Court in an effort to put Cecile into possession of the property was, in fact, a proper legal process with, ultimately, a proper outcome of placing Cecile into possession of the decedent's property.

We therefore agree with the trial court and find that Plaintiffs cannot state a cognizable abuse of process claim against their adversary's attorney, ELF, under the alleged facts in this case.[6] Accordingly, we affirm the trial court's April 21, 2023 judgment.

## **AFFIRMED**

---

[6] Upon review of the amended petition, we further find that under the facts as alleged in this case, the grounds for the exception cannot be removed and, thus, the trial court correctly granted the exception of no cause of action in favor of ELF without permitting Plaintiffs to amend their petition to state a cause of action.

| FRANK J. PANEPINTO, JR. AND JOHN A. PANEPINTO | NO. 23-CA-297 |
| --- | --- |
| | FIFTH CIRCUIT |
| VERSUS | |
| | COURT OF APPEAL |
| CECILE LAURIE PANEPINTO, DWAYNE SMITH, SR., GENEVA FINANCIAL, LLC, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | STATE OF LOUISIANA |

## JOHNSON, J., DISSENTS IN PART WITH REASONS

I, respectfully, dissent in part from the majority opinion. While I agree the trial court properly held that Plaintiffs, Frank J. Panepinto, Jr. and John A. Panepinto, failed to state a cause of action for abuse of process in their petition against defendants Eddie Encalarde, Jr. and Encalarde Law Firm, I disagree with the conclusion that Plaintiffs should not be permitted an opportunity to amend their petition to state a cognizable abuse of process claim.

A petition should not be dismissed for failure to state a cause of action, unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. *Industrial Companies, Inc. v. Durbin*, 02-665 (La. 1/28/03), 837 So.2d 1207. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial. *Id*.

In this matter, the majority opinion makes impermissible factual determinations on the appropriateness of the defendants' actions, rather than focusing on whether the law affords Plaintiffs a remedy based on the facts alleged in the pleading. It does not appear beyond a doubt that Plaintiffs cannot prove any set of facts to support their claim. *See*, *Durbin*, *supra*. Because the

opinion identifies deficiencies in the petition that could potentially be cured, I would allow Plaintiffs the opportunity to amend their petition, as required by La. C.C.P. art. 934.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MARCH 20, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**23-CA-297**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE FRANK A. BRINDISI (DISTRICT JUDGE)

| | | |
|---|---|---|
| HAROLD E. MOLAISON (APPELLANT) | JACK E. MORRIS (APPELLANT) | JUSTIN E. MOLAISON (APPELLANT) |
| CHARLES V. CUSIMANO, III (APPELLEE) | ELIZABETH C. PRICE (APPELLEE) | ALAN W. STEWART (APPELLEE) |
| JAMES H. GIBSON (APPELLEE) | RYAN M. MCCABE (APPELLEE) | |

**MAILED**
NO ATTORNEYS WERE MAILED