| | | |
|---|---|---|
| HEIDI RIETH AND JASON BUSH | * | NO. 2023-CA-0547 |
| | * | |
| VERSUS | * | COURT OF APPEAL |
| | * | |
| MARIA MUNGUIA | * | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

CONSOLIDATED WITH:                           CONSOLIDATED WITH:

LORRAINE SMILEY                                NO. 2023-CA-0548

VERSUS

HEIDI RIETH AND JASON BUSH


APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-06729 C/W 2016-01636 & 2015-06729, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**Judge Sandra Cabrina Jenkins**
* * * * * *
(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)


Scott M. Galante
Stephanie M. Hartman
THE GALANTE LITIGATION GROUP, LLC
816 Cadiz Street
New Orleans, LA 70115

      COUNSEL FOR APPELLEE


R. Ethan Zubic
Phillip J. Antis, Jr.
GORDON ARATA MONTGOMERY BARNETT
201 St. Charles Avenue
40th Floor
New Orleans, LA 70170-4000


Michael R. Dodson
Loretta G. Mince
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue

46th Floor
New Orleans, LA 70170-4600

COUNSEL FOR APPELLANT


**APPEAL CONVERTED TO WRIT.**
**WRIT GRANTED AND JUDGMENT REVERSED.**
**EXCEPTION OF PRECRIPTION SUSTAINED.**

**MAY 30, 2024**

Plaintiff/Defendant-in-reconvention, Lorraine Smiley, seeks review of the trial court's judgment of May 17, 2023, denying her exception of prescription filed in response to the reconventional demand filed by Heidi Rieth and Jason Bush. For the following reasons, we convert the appeal to a supervisory writ, grant the writ, reverse the trial court's judgment and sustain the exception of prescription as to the abuse of process cause of action.

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY

This litigation arises from a dispute between neighbors over the use of a driveway on the property at 4300 Prytania Street. The driveway was alleged to be a servitude on behalf of the property at 4308 Prytania Street. On July 15, 2015, Heidi Rieth and Jason Bush, the owners of 4308 Prytania Street, filed suit seeking injunctive relief and damages against Maria Munguia, owner of the property located at 4300 Prytania Street, to prevent Ms. Munguia from placing a gate on the driveway and preventing their use of the driveway. On August 26, 2015, the trial court issued a restraining order that Ms. Munguia refrain from interfering with the Rieth and Bush's use of the servitude, and ordered that Ms. Munguia remove the gates preventing the use of the servitude.

While the litigation was pending, Ms. Munguia sold 4300 Prytania Street to Lorraine Smiley on January 24, 2016. On February 18, 2016, Ms. Smiley filed a petition for declaratory judgment, injunctive relief, and damages. She sought

1

declarations that the servitude on the property she purchased was extinguished due to non-use and that the servitude no longer burdened her property. Heidi Rieth and Jason Bush filed an answer, affirmative defenses and exceptions on August 1, 2016. They also filed a motion to transfer and consolidate the two matters, which was granted.

Rieth and Bush thereafter filed a reconventional demand on August 31, 2020, alleging abuse of process, acquisitive prescription, and nullity claims regarding a probated testament and a judgment of possession by which Ms. Munguia obtained title of the immovable property. Smiley filed exceptions of improper venue and improper cumulation of actions. The trial court granted the exception of improper cumulation and dismissed the nullity claims in the reconventional demand. Smiley filed an exception of no cause of action to the abuse of process and acquisitive prescription claims. The trial court denied the exception of no cause of action. Smiley then filed an exception of prescription as to the abuse of process claim, which was denied by the trial court on May 17, 2023. Smiley filed a motion for appeal on June 6, 2023, seeking appellate review of the trial court's judgment denying the exception of prescription.

**JURISDICTION**

Before this Court can address the merits of Smiley's appeal, it must first determine whether it has subject matter jurisdiction to consider the judgment on appeal. Appellate courts have the duty to determine, *sua sponte*, whether subject matter jurisdiction exists, even when the parties do not raise the issue. *Renne v. Board of Supervisors for University of Louisiana System*, 2023-0798, p. 3 (La. App. 4 Cir. 5/13/24), __ So.3d ___, ___, 2024 WL 2126867, *2 (citation omitted). "This Court lacks subject matter jurisdiction if the appeal as lodged does not

2

contain a valid, final judgment." *Id.*, p. 4. "A judgment that determines the merits in whole or in part is a final judgment." La. C.C.P. art. 1841. "A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment." *Id*. "A final judgment is appealable in all causes in which appeals are given by law." La. C.C.P. art. 2083(A). "An interlocutory judgment is appealable only when expressly provided by law." La. C.C.P. art. 2083(C).

The denial of an exception of prescription is an interlocutory ruling and not subject to being designated as final judgment. La. C.C.P. article 1915(B)(1). Further, "a trial court's certification pursuant to La. C.C.P. art. 1915(B) is not determinative of jurisdiction." *McGaha v. Franklin Homes, Inc.*, 2021-0244, p. 23 (La. App. 4 Cir. 2/4/22), 335 So.3d 842, 857 (citation omitted). "A trial court's certification of an interlocutory judgment as 'final' pursuant to La. C.C.P. art. 1915(B)(1) does not transform the interlocutory judgment into a judgment subject to an immediate appeal." *Id.*, pp. 24-25, 335 So.3d at 858.

In the present matter, the trial court's judgment is interlocutory in nature and also incapable of certification as a final and appealable judgment. "Thus, '[t]he proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ.' " *Jacobs v. Metzler-Brenckle*, 2020-0585, 2020-0607, p. 13 (La. App. 4 Cir. 5/26/21), 322 So. 3d 347, 356 (quoting *Delahoussaye v. Tulane Univ. Hosp. & Clinic*, 2012-0906, 2012-0907, p. 4 (La. App. 4 Cir. 2/20/13), 155 So. 3d 560, 562).

This Court is vested with the discretionary power to convert an appeal of an interlocutory judgment into an application for supervisory review. The initial inquiry posed when we are determining whether to exercise our discretion to

convert an appeal to an application for supervisory review is whether "the motion for appeal was filed within the thirty-day delay allowed under Rule 4–3 of the Uniform Rules—Courts of Appeal for the filing of an application for supervisory writs." *Ramirez v. Evonir, LLC*, 2014-1095, p. 5 (La. App. 4 Cir. 4/9/15), 165 So. 3d 260, 263. Additionally, we consider the factors enumerated in *Herlitz Const. Co., Inc. v. Hotel Invs. of New Iberia, Inc.*, 396 So. 2d 878 (La. 1981). "[T]he primary consideration of *Herlitz* is that review and decision by us would terminate the litigation." *Ramirez*, 2014-1095, p. 5, 165 So. 3d at 263.

In the present matter, the motion for appeal was filed on June 6, 2023, within the time limits for filing an application for supervisory writs, and consideration of the *Herlitz* factors supports the conversion of the appeal to an application for supervisory writs. Therefore, we exercise our discretion and convert the appeal to an application for supervisory writs.

## EXCEPTION OF PRESCRIPTION

On appeal, Smiley argues the trial court erred when it denied the exception of prescription based upon La. C.C.P. art. 1153. The trial court agreed with Rieth and Bush that the reconventional demand related back to the filing of their answer, affirmative defenses and exceptions in 2016.

An exception of prescription is a peremptory exception that may be pleaded at any stage of the proceeding in the trial court before the submission of the case for a decision. La. C.C.P. arts. 927(A) and 928(B). The general rule is that "prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it." *Norbert Simmons Irrevocable Trust v. Flag Boy Properties, LLC*, 2023-0211, p. 3 (La. App. 4 Cir. 9/27/23), 372 So.3d 953, 956 (quoting *Bailey v. Khoury*, 2004-0620, p. 9 (La. 1/20/05), 891 So.2d 1268,

4

1275 (citing *Bouterie v. Crane*, 616 So.2d 657, 660 (La.1993))).  The party pleading the exception of prescription bears the burden of proving the claim has prescribed.  *Hogg v. Chevron USA, Inc.*, 2009-2632, p. 7 (La. 7/6/10), 45 So.3d 991, 998; *Davas v. Saia*, 2023-0090, p. 3 (La. App. 4 Cir. 10/6/23), 376 So.2d 288, 291.  If prescription is evident on the face of the pleadings, then the burden shifts to the plaintiff to show that prescription has been interrupted or suspended and that the claim has not prescribed. *Davas*, 2023-0090, p. 3, 376 So.3d at 291 (citation omitted).  When evidence is introduced and evaluated at the trial of a peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard of review. *Lomont v. Bennett*, 2014-2483, p. 8 (La. 6/30/15), 172 So.3d 620, 627; *Alexander v. La. State Bd. of Private Investigator Examiners*, 2015-0537, p. 14 (La. App. 4 Cir. 2/17/17), 211 So.3d 544, 555.

La. C.C.P. article 1153 provides that "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading." In *Giroir v. South Louisiana Medical Center, Division of Hospitals*, 475 So.2d 1040, 1041 (La. 1985), the Supreme Court held that La. C.C.P. art. 1153 allows for an amendment adding a plaintiff to relate back when (1) the amended claim arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant knew or should have known of the existence and involvement of the new plaintiff; (3) the new plaintiff is not wholly new or unrelated to the old plaintiff, as that would amount to the assertion of a new claims that would otherwise be prescribed; and (4) the defendant will not be prejudiced in preparing and conducting his defense.

5

Where a sufficient factual nexus exists between the original and amended pleadings technical prescriptive bars do not preclude raising the claims in the amended pleading. *Guillory v. City of New Orleans*, 2016-0638, p. 5 (La. App. 4 Cir. 8/2/17), 224 So.3d 1035, 1039. "Where there is some factual connexity between the original and amended assertions, together with some identity of interest between the original and the supplemental party, amendment should be allowed." *Id.*, p. 5, 224 So.3d at 1039 (quoting *De Atley v. Victoria's Secret Catalogue, LLC*, 2004-0661, p. 5 (La. App. 4 Cir. 5/14/04), 876 So.2d 112, 116 (citing *Gunter v. Plauche*, 439 So.2d 437, 440 (La.1983) and *Baker v. Payne and Keller of Louisiana, Inc.*, 390 So.2d 1272 (La.1980))).

This Court has recognized that "[w]here an original timely pleading provides a party with actual notice that a formal claim is being made based on a particular factual situation, permitting relation back of a post-prescriptive amendment based on the same factual situation does not violate any essential purpose of a prescriptive statute." *Watson v. Woldenberg Vill., Inc.*, 2016-0159, p. 12 (La. App. 4 Cir. 10/5/16), 203 So.3d 317, 325 (citing *Baker v. Payne and Keller of Louisiana, Inc.*, 390 So.2d 1272, 1275 (La.1980)).

## RECONVENTIONAL DEMAND – ABUSE OF PROCESS

In the present matter, Smiley filed her petition on February 18, 2006. Thereafter, Rieth and Bush filed an answer on August 1, 2006, which also included affirmative defenses and exceptions to Smiley's petition. On August 31, 2020, Rieth and Bush filed a reconventional demand against Smiley, alleging several causes of action including abuse of process. The cause of action of abuse of process, a tort based cause of action, is subject to a one year libertive prescriptive period which commences to run from the day injury or damage is sustained. La.

6

C.C. article 3492; *Scott v. Zaheri*, 2014-0726 (La. App. 4 Cir. 12/3/14), 157 So.3d 779. There are two essential elements of a cause of action for abuse of process: (1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not in the regular prosecution of the proceeding. *Guillory,* 2016-0638, p. 10, 224 So.3d at 1042 (citing *Hebert v. Louisiana Licensed Prof'l Vocational Rehab. Counselors*, 2007-610, p. 9 (La. App. 3 Cir. 3/4/09), 4 So.3d 1002, 1009).

Rieth and Bush rely upon *Guillory* in support of their argument that the reconventional demand filed in 2020 relates back to their answer filed in 2016. Rieth and Bush aver that they reserved all rights in their answer to file and present all other defenses and/or reconventional demands to plaintiff's claims that might in the future arise as a result of discovery or during the trial in this case including, but not limited to, those causes of action based on plaintiff's failure to investigate her claim and/or any claims available to defendants.

In *Guillory*, this Court found that the first supplemental and reconventional demand in which the abuse of process was alleged related back to the original reconventional demand because of the sufficient factual connexity between the original and the amended assertions. *Guillory,* 2016-0638, p. 6, 224 So.3d at 1039-1040. However, *Guillory* is distinguishable because the prescribed abuse of process and malicious prosecution claims were raised in the first supplemental reconventional demand and were found to relate back to a timely filed original reconventional demand. *Id.* Rieth and Bush's answer filed in August 2016 did not include any type of allegations which could have been considered a reconventional demand. As such, their reliance on *Guillory* is misplaced.

Rieth and Bush contend that they did not know that Smiley had no knowledge to support her claims when she filed petition for declaratory relief until

they obtained information during discovery. They argue that Smiley intentionally delayed discovery. Rieth and Bush assert that they did not know until they received information on January 7, 2020, that Smiley did not have any evidence to support her claim that the servitude was extinguished due to non-use at the time she filed her petition for declaratory relief. This argument is insufficient to defeat the exception of prescription. Rieth and Bush would have had information about the potential extinguishment of the servitude when they filed suit against Munguia in 2015 to prevent her from placing a gate on the servitude. Having such knowledge at that time, they would have known whether Smiley had evidence to support her claims when she filed her declaratory judgment petition in 2016.

## ABUSE OF PROCESS CLAIM IS NOT A CONTINUING TORT

Rieth and Bush also suggest that the abuse of process claim asserted in their reconventional demand is not prescribed because it is a continuing tort. In *Crump v. Sabine River Authority,* 98–2326, p. 10 (La. 6/29/99), 737 So.2d 720, 728, the Supreme Court held that "[a] continuing tort is occasioned by [continual] unlawful acts, not the continuation of the ill effects of an original, wrongful act." The Court stated "[t]he continuous conduct contemplated in a continuing tort must be tortious and must be the operating cause of the injury." *Id.*, p. 11, 737 So.2d at 729 n. 7.

In determining whether a case involves a continuing tort, "[t]he inquiry is essentially a conduct-based one, asking whether the tortfeasor perpetuates the injury through overt, persistent, and ongoing acts." *FIE, LLC v. New Jax Condo Ass'n, Inc.*, 2016-0843, pp. 27 (La. App. 4 Cir. 2/21/18), 241 So.3d 372, 393 (quoting *Hogg v. Chevron USA, Inc.* 2009–2632, 2009–2635, p. 16 (La. 7/6/10), 45 So.3d 991, 1003). Consequently, where the wrongful conduct of the tortfeasor ceases, but the plaintiff continues to experience injury in the absence of any

ongoing wrongful acts by the tortfeasor, the courts have found no continuing tort. *FIE, LLC*, 2016-0843, pp. 27-28, 241 So.3d at 393 (citing *Hogg*, 2009–2632, 2009–2635, p. 21, 45 So.3d at 1005). This Court declined to apply the continuing tort doctrine to the plaintiff's abuse of process claim in *Alexander v. La. State Bd. of Private Investigator Examiners,* 2015-0537, p. 21 (La. App. 4 Cir. 2/17/17), 211 So.3d 544, 559, noting that the plaintiff's claims arose from distinct, discontinuous acts by the defendants.

The parties reference and discuss the Fifth Circuit's decision in *No Drama, LLC v. Caluda*, 15-211 (La. App. 5 Cir. 10/14/15), 177 So.3d 747. The defendant in *No Drama*, Ms. Caluda, filed an exception of prescription as to the plaintiff's abuse of process claim, asserting that the abuse of process claim was subject to a one-year prescriptive period, commencing from the date of the allegedly improper filing of suit against it. Ms. Caluda argued the plaintiff's abuse of process claim, filed nearly seven years after the filing of the 2006 suit against it, was prescribed. *Id.*, 15-211, p. 5, 177 So.3d at 751. The abuse of process cause of action was based upon the improper filing of a petition by Ms. Caluda against No Drama on August 18, 2006. No Drama alleged that the trial court in the first suit lacked jurisdiction to accept Ms. Caluda's August 18, 2006 pleading because the underlying matter at that time was pending on appeal. *Id.*, p. 6, 177 So.3d at 752.

In opposition to the exception of prescription, No Drama argued that the continuing tort doctrine applied to the abuse of process claim and prescription did not commence to run until the dismissal of the first lawsuit on July 25, 2012. No Drama contended that Ms. Caluda's continuous failure to dismiss the underlying lawsuit prior to its July 25, 2012 dismissal constituted a continuing tort, suspending the commencement of the prescriptive period. *Id.*

9

The Fifth Circuit disagreed with No Drama's argument and held that the continuing tort doctrine did not apply, recognizing that under *Crump* "the theory of continuing tort ... requires that the operating cause of the injury be a continuous one which results in continuous damages." *Id.*, p. 7, 177 So.3d at 752 (quoting *Crump,* 98–2326, p. 9, 737 So.2d at 726). The Court held that the abuse of process claim, based on the alleged improper filing of the initial lawsuit, was not a continuing tort. The Court concluded:

> Although plaintiff alleges to have continuously sustained damages to its reputation and its finances until the dismissal of the underlying suit, the operating cause, the filing of the lawsuit, is not a continuous tort. Accordingly, we find that the filing of the August 18, 2006 pleading, naming plaintiff as a defendant in the underlying litigation, serves as the commencement of the one-year prescriptive period for plaintiff's abuse of process claim. Accordingly, we find the trial court did not err in finding that plaintiff's abuse of process claim, filed nearly seven years after the filing of suit against it, is prescribed.

*Id.*, p. 7, 177 So.3d at 752.

## RECONVENTIONAL DEMAND DOES NOT RELATE BACK

In the present matter, the trial court erred when it denied Smiley's exception of prescription. The relation back doctrine under La. C.C.P. article 1153 does not allow Rieth and Bush's reconventional demand to relate back to the date of the filing of their answer on August 1, 2016. There is no jurisprudence to support Rieth and Bush's argument that the reconventional demand related back to the answer. The answer, while it alleged affirmative defenses and exceptions, did not clearly provide that it included a reconventional demand against Smiley. The jurisprudence provides that La. C.C.P. article 1153 only applies to amending petitions. The reconventional demand did not amend the answer, but asserted new causes of action of acquisitive prescription and abuse of process. The

10

reconventional demand, filed on August 31, 2020, was lodged more than one year from the date Ms. Smiley filed the petition.

Further, the continuing tort doctrine does not apply to extend the prescriptive date of the filing of the reconventional demand. The act of filing the petition by Smiley was a singular act; any damages that occurred may have been continuing, but the allegedly tortious act occurred when the petition was filed.

Accordingly, Smiley's appeal is converted to an application for supervisory writ of review, the writ application is granted, the trial court's judgment is reversed, and the exception of prescription as to the cause of action for abuse of process is sustained.

**APPEAL CONVERTED TO WRIT.**
**WRIT GRANTED AND JUDGEMENT REVERSED.**
**EXCEPTION OF PRECRIPTION SUSTAINED.**